PER CURIAM.
In this appeal, the state contends that the trial court erred in granting the defendant’s motion to suppress. We reverse.
Garcia was arrested and charged with possession of more than twenty grams of cannabis found during a search of his person and automobile by law enforcement officers pursuant to information supplied to them by a confidential informant. The trial court expressed the belief that the relevant case law required the officers to have additional corroborating information that Garcia possessed cannabis and granted the defendant’s motion to suppress.
In Illinois v. Gates, 462 U.S. 213, 108 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court established a “totality of the circumstances” test as the proper test for determining probable cause. See also State v. Butler, 655 So.2d 1123, 1128-1129 (Fla.1995) (discussing totality of the circumstances test and explaining that although corroboration of innocent activity alone may not be sufficient to support finding of probable cause, Gates states that “ ‘probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity ”). The suppression order in the instant case is reversed, and this case is remanded for the trial court to reconsider the motion to suppress in light of Gates and Butler.
MINER, ALLEN and LAWRENCE, JJ., concur.